GREAT AMERICAN ACCIDENT INS. CO. v. ROGGEN.

No. 11081.

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1940.

Kemper, Hicks & Cramer, of Houston (John G. Cramer, of Houston, of counsel), for appellant.

Charles E. Heidingsfelder, Jr., of Houston, for appellee.

CODY, Justice.

This is a suit on a hospitalization contract or insurance policy to recover $122.-50, which originated in a justice court of Harris County. From an adverse judgment there the appellant Insurance Company appealed to the County Court.

Appellee alleged her illness, and an operation, and the right to recover $122.50 under the terms of the policy.

Appellant pled that appellee had failed to pay the premium ($2) which was due on June 20, 1939, until the following day, and that the policy was thereby forfeited. That appellee was furnished with a receipt book in connection with the policy of insurance which showed the dates that monthly payments were due, and contained blank spaces in which to enter the dates payments were actually received by appellant. That paragraph "3" of "Standard Provisions" of the policy provided: "If default be made in the payment of agreed premiums for this policy, the subsequent acceptance of a premium by the Company or by any of its authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as may

begin more than 15 days after the date of such acceptance." Appellant also pled paragraph 5 of the General Provisions of the policy: "The time of payment of premiums shall be deemed to have expired, and insurance forfeited if premium has not been received at the office of the Company by 12:00 noon Central Standard Time on the morning of the day the premium is due. Payment of any premium to any agent of the Company shall not effect renewal. * * *"

The case was submitted to the court on an agreed statement of facts, and from an adverse judgment the Insurance Company appeals.

In response to appellant's demand therefor, the court filed findings of fact and conclusions of law. The material facts found by the court were in substance these:

That premiums were accepted on said policy on the 24th day of April, 1939, in the sum of $4, being a $2 payment for April and a $2 payment for May; that on June 21, 1939, a $2 payment was made for June, and that on July 22, 1939, a payment of $4 was made, $2 of which was for July and $2 for August; that all payments were due on the 20th of the month *and that all of said payments were accepted without reservation.* That the illness as a result of which plaintiff based her claim for benefits under the policy, originated less than 15 days from June 21, 1939. That plaintiff filed her claim for benefits under the policy for such illness; and that defendant on August 25, 1939, wrote a letter denying liability under paragraph 3 of General Provisions, which reads: "This policy shall not cover when the immediate and contributing cause is due to either injury or disease which had its inception prior to the issuance of the policy." And that defendant's letter further stated, "For the foregoing reasons as well as other reasons, none of which are being waived by us, we are of the opinion that no liability exists under this claim." And that defendant in said letter tendered payment to plaintiff of all sums she had paid it under the policy, being $10. That on August 30, 1939, plaintiff's attorney wrote defendant demanding the payment of the claim in the sum of $122.50, and returned defendant's refund check in the sum of $10, of the premiums which plaintiff had paid, and gave notice that this suit would be filed, if his client's claim was not paid. That later, after defendant had received such letter, plaintiff's

attorney went to the office of defendant, and was advised that one of the principal reasons that defendant denied liability, was that plaintiff had allowed her policy to lapse, and that she was not covered for any sickness that might begin within less than fifteen days after the date of the acceptance of such premium, and that the claim in question arose from a sickness that originated less than 15 days after the date of such payment.

Appellant objected to so much of the findings of fact as is italicized above, reading, "all of said payments were received without reservation."

■ In view of the fact that this case originated in the justice court where the pleadings may be oral, or partly oral and partly written, we will assume that appellee orally pled both a waiver of timely payment by, and an estoppel against, appellant taking advantage of the day-late payment. Gordon v. Zoes, Tex.Civ.App., 125 S.W.2d 1049, and cases there cited. Do the findings by the court sustain such presumed oral pleas of appellee?

■■ Upon the face of the policy the provision providing for the penalty for late payment is a harsh one. It works a fifteen-day forfeit of the monthly term of hospital protection provided for in case of sickness, as distinguished from accidental injury. But the provision is lawful in this type of mutual insurance. And the only basis urged for sustaining the judgment of the trial court is that the insurance company waived the late payment and forfeiture which resulted by its letter of August 25, 1939. And the contention that such waiver was established is based on the authority of National Aid Life Ass'n v. Murphy, Tex.Civ.App., 78 S.W.2d 223, 227. In that case it was held by the Dallas Court of Civil Appeals, "Again, we think defendant waived the defense, if any it had, based upon the alleged breach of said health provision of the certificate, and is estopped to urge same, for the reason that, with full knowledge of all the material facts in-

volved, defendant denied liability and refused payment of the claim upon certain specific grounds, other than the breach of the good health provision of the certificate, and failed altogether to urge or rely upon that matter, until long after plaintiff had employed counsel and filed this suit. * * The general rule applicable to the subject under consideration is stated in 32 C.J. p. 1354, § 636, as follows: 'Where the (insurance) company refuses to pay a loss upon a specific ground, it is estopped from asserting other grounds relieving it from liability of which it had full knowledge where insured has acted upon its position as announced and has incurred expense in consequence of it, or, as the rule is sometimes more broadly stated, when one specific ground of forfeiture is urged against a policy of insurance and the validity thereof denied on that ground alone, all other grounds are waived.' "

■■ We are constrained to hold that the rule just referred to does not apply to the facts found by the court, because, as appears from the letter, the Insurance Company in effect stated that it was waiving no grounds which it had for not paying the claim. The intention to waive grounds of defense, which are not expressly stated, cannot be implied against the express statement that such grounds are not waived. The insured is authorized to imply, and act on such implication, that where the insurer specifies one ground of forfeiture, and is silent as to all others, that the insurer is waiving all others. But where the insurer expressly states to the insured that it is not waiving any grounds of defense, then neither the law of waiver or estoppel is applicable, nor can be applied. When assured, through her attorney, made specific inquiry, it appears from the court's findings that the insurer stated to said attorney the defense here urged.

The judgment of the court below therefore is reversed, and the case having been fully developed, judgment is here rendered for appellant.

Reversed and rendered.