**AMERICAN EMPLOYERS INSURANCE COMPANY, Appellant,**

v.

**EL PASO VALLEY COTTON ASS'N et al., Appellees.**

**No. 5715.**

Court of Civil Appeals of Texas.

El Paso.

June 23, 1965.

Rehearing Denied July 14, 1965.

Hardie, Grambling, Sims & Galatzan and A. R. Grambling, El Paso, for appellant.

Channell, Owen, Dwyer & Steinberger, El Paso, for appellees.

CLAYTON, Justice.

This is an appeal from a judgment of the trial court, sitting without a jury, in the amount of $10,000.00 in favor of the appellees, plaintiffs in the trial court. The appellee corporation is a farming association, the appellee Talley is a user-member thereof, and the other appellees are officers and directors and user-members of the association. The association contracts, for the benefit of its user-members, Mexican National farm laborers under the terms of the Migrant Labor Agreement of 1951, as amended, between the United States and Mexico. Included among those contracted was one Juan Romero Estrada, who was injured while working for Talley, the user-member. Appellant had insured appellees against certain liability in connection with the employment of such laborers, in accordance with the provisions of the Migrant La-

bor Agreement, Standard Work Contract. Section 3(a) of the contract provides for the payment of not less than certain benefits for death, permanent and total disability (in the amount of $1,000.00) and certain specified losses as contained in a table of benefits, and "expenses for hospital, medicines, medical and surgical attention and other similar services and benefits relative to occupational risks". The latter proviso was unlimited as to amount of liability. A Joint Interpretation of this contract of August, 1954 by the parties to the Agreement, contained the following clause: "A worker may, consistent with the provisions of Article 3, assert his common law right to seek damages for personal injuries or diseases in excess of the amounts guaranteed in said Article". The appellant paid medical expenses for the injured employee, Estrada, in the amount of $5,000.00, and $1,000.00 for total, permanent disability. Estrada sued appellees in Federal court, claiming liability of appellees as employers in the total amount of $115,-000.00, being $60,000.00 for present and future medical expenses, $40,000.00 for loss of earnings and $15,000.00 for pain and suffering. The insurance policy issued by appellant to appellees contained several endorsements. Endorsement No. 1 contained the following language: "Insurance is afforded subject to limits of liability stated below against loss resulting from the obligations assumed by the insured under Article '3A' of Standard Work Contracts (Migrant Labor Agreement of 1951, as amended) * * *

"Limits of Liability: $5,000.00 each person".

Under Endorsement No. 2 the "following insuring agreement" was added to the policy:

"EMPLOYER'S LIABILITY: To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any legally contracted Mexican National Farm Laborer of the insured while engaged in the employment of the insured and caused by accident during the period of this policy and within the United States of America. * * *

"The limit of the Company's Liability under this endorsement shall be:

"$50,000.00 each person * * *"

Endorsement No. 42a increased the limits of Employer's Liability coverage to $100,000.00 per person.

Appellant's attorney filed answers for the appellees in Estrada's suit in Federal court and appellant's Superintendent, Frank Kirby-Smith, sent each of the appellees an explanatory letter dated April 12, 1961, reciting:

"Our attorneys are defending this suit for you gentlemen, and the El Paso Valley Cotton Association, as we wrote an insurance policy to the El Paso Valley Cotton Association covering braceros which it employs. We have paid out $5,000.00 for medical and hospital expenses, which is the maximum under our policy. We have also paid out $1,000 to the Plaintiff, Juan Romero Estrada, for damages, under the provisions of our policy * * * It is our opinion that the policy which we wrote to the El Paso Valley Cotton Association does not cover the damages asserted by Plaintiff in this suit for medical or hospital expense, as we have heretofore paid out the full amount which we are obligated to pay for medical and hospital under the terms of the policy.

"However, under the employer's liability coverage section of the policy we are obligated to defend that portion of the suit seeking to recover a judgment against you for $40,000 for loss of

wages and $15,000 for pain and suffering. We are also bound to satisfy any judgment which may be rendered against you for loss of wages and pain and suffering, which in this case combined amount to $55,000 * * *

"We wish to advise you that by filing Answer to this suit, we do not waive any of the provisions of the policy, and do not extend its coverage. Our attorneys are capable, and will give this matter their careful attention, but if any of you gentlemen desire to have attorneys of your choice assist in the defense of this suit at your expense, it will, of course, be agreeable to us for you to employ such attorneys * * *"

Subsequently appellant wrote appellees three further letters relative to coverage of the injured employee. Excerpts from these letters are as follows:

"This is to advise that this Company has paid medical expenses approaching $4000 on this case. The limit of our liability for such expense is $5000 * * *"

* * * * * *

"I make reference to my letter of 11-25-60 on the referenced case. At that time I advised you that the limit of our liability in this case was $5000 * * *

"This is to advise you that this Company has now paid $5000., in medical expenses for the treatment of this worker."

* * * * * *

"This is to advise that the policy of insurance from which this worker's expenses have been paid has a limit of $5000 * * *

"This Company will not be responsible for medical care for Romero Estrada in excess of our $5000 policy limit."

No other grounds for denying liability were asserted by appellant until its answer was filed in this cause.

After receipt of the appellant's letter of April 12, 1961, appellees arranged for the services of their present attorney, Frank Owen III, to represent them. Appellant and appellees' attorneys consulted with each other, and appellant's attorney advised appellees' attorney that he thought the Federal case could be settled for $20,000.00, and since a trial of the case might result in a judgment for $60,000.00 for medical expenses, for which he claimed that appellees would be liable, and in a judgment for $55,000.00 for common law liability for which the appellant would be liable, appellant's attorney suggested that in the event of a $20,000.00 settlement, a payment of $10,000.00 thereon by appellees and $10,000.-00 by appellant would be fair. Appellees' attorney replied that he felt that the appellant should pay the full amount of the settlement but finally agreed to contribute under the suggested division of settlement provided appellees did not waive any of their rights. Pursuant to this position, appellees' attorney, Owen, delivered to attorney for appellant the following letter:

"November 10, 1961

"Mr. Allen Grambling
Attorney for American Employers Insurance Company
El Paso Natural Gas Building
El Paso, Texas

Dear Mr. Grambling:

Handed herewith is the check of El Paso Valley Cotton Association, Check No. 3422, General Fund, dated 11/10/61, signed by R. L. Skov, and payable to Juan Romero Estrada and Joseph J. Roybal and Ernest Guinn, his attorneys, in the sum of $10,000.00, as full and final settlement in the case of Juan Romero Estrada, Plaintiff versus El Paso Valley Cotton Association, Lester Roy Talley, et al, Civil Action No. 2269, in the United States District Court for the Western District of Texas, El Paso Division.

The foregoing check is given by way of contribution as per our understand-

ing and agreement in order that settlement of said cause can at this time be reached as to liability of the parties, whatever it may be, to Juan Romero Estrada.

Said check and contribution, however, is so delivered and paid with the express understanding that the El Paso Valley Cotton Association, Inc. does not waive any rights whatsoever it may have under the terms of general liability Policy No. GL 1633560, with American Employers Insurance Company, together with all of the endorsements thereto, as well as any other policies which may have been in force on the date of the accident in said cause, whether such rights be contractual or otherwise, at law or in equity.

It is the contention of the El Paso Valley Cotton Association, Inc. and the position of the undersigned that your client, American Employers Insurance Company, is liable for the entire amounts paid to Juan Romero Estrada, being the sum of $20,000.00, in addition to $6,000.00 previously paid by said company, although $10,000.00 of such settlement is hereby paid by our client. We therefore take this means of reserving the right to try the matter of interpretation of the aforesaid insurance policies, together with all endorsements, in order to determine the extent of coverage and liability thereof. By the payment of the aforesaid contribution, we do not waive any of our rights.

We shall file suit for the determination of the liabilities of the parties and you agree to a prompt answer, * *"

Appellant's attorney accepted the terms of this letter, as follows: "Accepted this 10th day of November 1961" signed "Allen R. Grambling, Attorney for American Employers Insurance Company". The $20,000.00 settlement was then effected and Estrada signed a full release, acknowledged before one of his attorneys, which recited that the settlement was not to be construed as an admission of liability but merely a compromise to avoid litigation, and recognized appellees' position that the accident complained of by Estrada was proximately caused by his own negligence and not by the negligence of appellees or any of them. The Federal case brought by Estrada was then dismissed with prejudice and there followed this suit by appellees against appellant seeking to recover the $10,000.00 paid out on the settlement, plus attorneys' fees.

The trial court entered judgment awarding appellees the $10,000.00 but refused attorneys' fees, and this appeal resulted.

Appellant's first two points of error relate to a contract defense. Paragraph 12 of the insurance policy involved in this lawsuit reads as follows:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

Appellant maintains that judgment should not have been rendered for appellees "for the reason that the amount of Appellant's [appellees'?] obligation to pay" under the undisputed evidence had not been finally determined, either by trial or by written agreement of the three parties. Point Four reiterates this position, stating that neither the trial court nor any other court had found that the insured had incurred any liability to the injured employee, Estrada, other than contract liability under Article 3(a) of the Standard Work Contract of the Migrant Labor Agreement, and that appellant's policy limits of $5,000.00 for such contract liability had been fully paid and satisfied. Point of Error No. Five is that there is no evidence to show that any lia-

bility other than contract liability had been incurred by appellees and that this liability had been fully paid up to the policy limits. Appellee, in a cross point, asserts error on the part of the court in denying attorney fees, to which appellant replies in a supplemental brief.

On these points the trial court made a number of Findings of Fact and Conclusions of Law, which the writer has attempted to group by subject matter rather than numerically:

## "FINDINGS OF FACT

### "V.

"Mr. Allen Grambling negotiated the settlement with the Attorneys for JUAN ROMERO ESTRADA and the Insurance Company refused to pay over $10,000.00 in settlement on the basis that the policy did not afford coverage.

### "VI.

"The suit by JUAN ROMERO ESTRADA was settled for $20,000.00 on November 10, 1961, with the American Employers Insurance Company paying $10,000.00 and the Plaintiffs paying $10,000.00. The Plaintiffs paid such sum on written agreement with the Defendant's agent.

### "VII.

"On November 10, 1961, Frank Owen III, the Attorney for the Plaintiffs wrote a letter (Plaintiffs' Exhibit 14) to Mr. Allen Grambling, Attorney for the Defendant, tendering payment of the $10,000.00 and reserving all rights to file suit against the Insurance Company to determine coverage of the policy. This letter was accepted without qualification, condition or reservation by the Defendant through its Attorney Mr. Allen Grambling.

### "IX.

"The policy of insurance No. GLMN1633560 (Plaintiffs' Exhibit 6)

was in full force and effect at the time JUAN ROMERO ESTRADA was injured and the limits were $100,000.00 per person and $1,000,000.00 per accident.

### "XIV.

"That on November 10, 1961, $20,000.00 was paid to JUAN ROMERO ESTRADA at which time JUAN ROMERO ESTRADA executed a release (Defendant's Exhibit 2)."

### "III.

"Mr. Frank Kirby Smith on behalf of the Defendant wrote the Plaintiffs on April 12, 1960, (Plaintiffs Exhibit 7) and advised the Plaintiffs that the Company had paid $5,000.00 on medical coverage and that the insurance policy in question did not cover medical payments in excess of $5,000.00. He further advised that in accordance with the terms of the policy that the insurance company's attorneys would defend the case though the insureds could retain attorneys if they chose.

### "VIII.

"The Defendant by the actions of its agents waived any policy defenses that might have been available to it.

### "IV.

"After receipt of the letter from Mr. Frank Kirby Smith on behalf of the Defendant (Plaintiffs Exhibit 7) the Plaintiffs retained counsel to represent their interest.

### "XII.

"The Defendant's attorneys had a conflict of interest in defending the Plaintiffs in the law suit brought by JUAN ROMERO ESTRADA because of the position taken by the Defendant regarding the coverage afforded by its policy.

"XIII.

"Reasonable attorneys fees in this cause would be $2,000.00."

"CONCLUSIONS OF LAW

"I.

"That the Defendant by entering into this Settlement Agreement as shown by the letter from Owen to Grambling on November 10, 1961, was estopped from raising any policy defenses in a subsequent suit other than the reason given for denying coverage.

"II.

"If the Insurance Company did not waive its rights by accepting the letter from Owen to Grambling (Plaintiffs' Exhibit No. 14) it waived its right to assert policy defenses by denying full coverage of the policy in the letter of Frank Kirby Smith of April 12, 1960 (Plaintiffs' Exhibit 7).

"VI.

"The Defendant having unconditionally paid $10,000.00 in settlement of the suit by Estrada is bound by that settlement and cannot raise policy defenses in this suit by the Plaintiffs to determine the coverage of the policy.

"IX.

"The letter from Mr. Owen to Mr. Grambling (Plaintiffs Exhibit No. 14) which was signed by the Defendant's attorney constituted a settlement insofar as the Defendant is concerned and is binding on the Defendant, but is not binding as a final settlement on the part of the Plaintiffs because of the reservation made.

"X.

"The letter (Plaintiffs' Exhibit No. 14) from Mr. Owen to Mr. Grambling which was signed and accepted by Mr. Grambling for the American Employers Casualty Company constituted a written agreement between the Company, the insured and the claimant, since the claimant adopted such agreement by signing of the release.

"III.

"That the Plaintiffs by payment of $10,000.00 to the Defendant did not waive any rights to determine coverage of the policy.

"V.

"That the Policy limits of Plaintiffs' Exhibit No. 6 were sufficient to cover the full $20,000.00 settlement made with JUAN ROMERO ESTRADA.

"VII.

"A construction of the policy as a whole shows that it provided full coverage with regard to the claims of JUAN ROMERO ESTRADA.

"VIII.

"The Coverage of Endorsement Number 2 was not limited by any other endorsement of the policy (Plaintiffs Exhibit No. 6).

"IV.

"That because of the offer to defend the Plaintiffs and the subsequent representation and negotiation of settlement in the suit brought by JUAN ROMERO ESTRADA by the Defendant's attorneys the Plaintiffs are not entitled to attorneys fees."

In reviewing the trial court's findings of fact and conclusions of law, we must bear in mind that this case was tried before the judge of the trial court without a jury, thus making the trial judge the trier of facts, to which facts as found he applied the law. "The trial court's findings of fact and conclusions of law should be construed

together and, if possible, to be in harmony with the judgment and to support it; and in determining whether the findings are supported by any evidence of probative value we should give credence only to the evidence favorable to the findings, disregarding all evidence to the contrary", Nathan v. Hudson, 376 S.W.2d 856, 862 (Tex.Civ. App., 1964; ref., n. r. e.), citing Brown v. Frontier Theatres, Inc., 369 S.W.2d 299, 301 (Tex.Sup.).

As to the points of error founded upon contract defenses, and particularly upon Paragraph 12 of the insurance policy involved herein, quoted above, the court made several findings of fact, including VIII, that the defendant by the actions of its agents waived any policy defenses that might have been available to it, and in his conclusions of law again asserts waiver and estoppel against appellant and further concludes that the action of appellant's attorney in signing and accepting the letter from Owen, on behalf of appellees, to Grambling, for the American Employees Casualty Company, constituted a written agreement between the company, the insured and the claimant, since the claimant adopted such agreement by signing the release, thus complying with the terms of Paragraph 12 of the insurance policy, which was found to provide full coverage with regard to the claims of Estrada. (Findings IX, V, VII and VIII). As to waiver and estoppel, we quote from 45 C.J.S. Insurance § 707, p. 677:

"Where the company denies liability or refuses to pay a loss on a specified ground, it is estopped to assert other grounds relieving it from liability of which it had full knowledge where insured has acted on its position as announced and suffered resultant detriment, or, as the rule is sometimes more broadly stated, when one specific ground of forfeiture is urged against a policy of insurance, and the validity thereof denied on that ground alone, all other grounds are waived."

This rule is also set out in 18 A.L.R.2d § 31, Liability Insurance, where in the footnote on page 491 is stated:

"The rationale of this rule is that when a party to a contract refuses to perform and bases its refusal on one ground it will be held to have waived all other grounds and to be estopped when suit is brought from setting up other grounds for its refusal."

See also Texas cases cited to the text, and American Employers' Ins. Co. v. Brock, 215 S.W.2d 370, 375 (Tex.Civ.App., 1948; ref., n. r. e.), and Western Casualty & Surety Company v. Lund, 132 F.Supp. 867, 870 and footnote 871 (U.S.Dist., W.D.Okla., 1955). Concerning these points of error, we find the court's findings amply supported by the evidence, and his conclusions founded upon the law,· and, accordingly, we overrule Points of Error Numbers One through Five.

Taking up appellees' cross point citing error on the part of the trial court in denying attorney fees, we see that in the trial court's finding No. XIII, reasonable attorney's fees would amount to $2,000.00, but the court concludes as a matter of law, in Conclusion No. IV, that because of appellant's offer to defend appellees and the actual negotiation of the settlement with Estrada by the appellant's attorney, appellees were not entitled to recover attorney's fees. We overrule this cross point, albeit with some degree of reluctance. It cannot be denied, under the record, that the question of hiring a personal attorney by appellees was presented in the letter of Kirby-Smith as agent of the appellant to the appellees. It will be recalled that it was in this letter that appellant denied any further contract liability for medical expenses, but admitted its commitment to satisfy any judgment which might be rendered against appellees for loss of wages and pain and suffering, which in the Estrada suit amounted to $55,000.00. This confronted appellees with a conflict of interest on the part of the appellant, and the court so found.

This situation undoubtedly prompted appellees to secure their own counsel. Nevertheless, we. find no authority which would allow appellees to recover attorney's fees under the circumstances, and appellees have cited us to none. Appellant, in the letter referred to, was careful to point out that the employment by appellees of an attorney to assist in the defense of the Estrada suit would be at the expense of appellees, and we believe this must be the case. The cross point is overruled.

Having overruled all of appellant's points of error and appellees' cross point, the judgment of the trial court is affirmed.