**Frank A. LANCON, Appellant,**

**v.**

**EMPLOYERS NATIONAL LIFE INSUR-ANCE COMPANY, Appellee.**

**No. 15223.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Feb. 1, 1968.

Rehearing Denied Feb. 22, 1968.

R. E. McDaniel, Winnie, for appellant.

Keith, Mehaffy & Weber, Beaumont, Robert Q. Keith Beaumont, of counsel, for appellee.

COLEMAN, Justice.

This is a suit to recover the benefits payable for accidental dismemberment by the terms of an insurance policy. The case was tried to a jury, but the trial court rendered judgment for the defendant non obstante veredicto. This action was taken on appellee's motion alleging that there was no evidence of "loss" within ninety days of the accident and that there was no evidence of loss effected solely and independently of all other causes.

The plaintiff is a deputy sheriff of Chambers County. On October 5, 1965, he was beaten and kicked by two prisoners who escaped from County Jail. One of the prisoners kicked him on the shin of his left leg. On December 21, 1965, for the first time he noticed that pus was being emitted from a pinpoint size hole in the area of his left shin where he was kicked. After the beating he was bruised from head to toe including the place at which he later discovered pus. The leg was sore right after the jail break causing him to limp for three or four days. He had no other injury between October 5, 1965, and December 21, 1965. On January 17, 1966, the left leg was amputated below the knee.

In 1953 the plaintiff was in an automobile accident as a result of which he received an eight inch compound crush of the lower part of his left leg. As a result he had to wear a leg brace and cuff. In 1960 he underwent an operation on that leg in an attempt to graft calf bone to his shin bone for the purpose of strengthening the leg. This operation did not result in a complete union and in a few days infection resulted. Apparently this infection cleared up after treatment and no more pus exuded from the leg until December 21, 1965. He continued to wear the brace and cuff and was wearing it at the time of the jail break.

There was no medical testimony introduced at the trial of this case. There was no direct testimony, opinion or otherwise, that the infection resulted from the bruise caused by the kick. There was no direct testimony that the operation was necessitated by an infection, or that the pus exuding from plaintiff's leg on December 21, 1965, resulted from an infection. There was no testimony that plaintiff received a laceration as a result of the kick on his shin received in the jail break.

Section 10 of the policy provides:

"If an employee * * * suffers any one of the losses specified in the following Schedule of Losses and Benefits as a direct result of bodily injuries effected solely and independently of all other causes through external, violent and accidental means and within 90 days after the accident which caused such loss, The Insurance Company will pay the benefits set forth in such Schedule."

Under the heading "Limitations" the section provides:

"No payment will be made under this Section for loss resulting directly or indirectly, wholly or partly, from

" * * *

"(3) ptomaines or bacterial infection other than pyogenic infection occurring as a result of bodily injury effected solely through external, violent and accidental means, * * *."

The parties stipulated the amount of money the plaintiff was entitled to receive in the event he was able to establish liability on the part of the company under the policy.

In reply to appellant's claim for benefits under the policy for the loss of his leg, the company wrote him a letter denying liability for the reason that the leg was not amputated within 90 days after the accident which caused the loss. Appellant contends that this constituted a waiver of all other policy defenses.

In 45 C.J.S. Insurance § 707, p. 677, the general rule appellant relies upon is stated in these words:

"Where the company denies liability or refuses to pay a loss on a specified ground, it is estopped to assert other grounds

relieving it from liability of which it had full knowledge where insured has acted on its position as announced and suffered resultant detriment, or, as the rule is sometimes more broadly stated, when one specific ground of forfeiture is urged against a policy of insurance, and the validity thereof denied on that ground alone, all other grounds are waived."

This statement is supported by a number of Texas cases, in some of which it is quoted. American Emp. Ins. Co. v. El Paso Valley Cotton Ass'n, 392 S.W.2d 569 (Tex.Civ.App., El Paso 1965, ref., n.r.e.); American Employers' Ins. Co. v. Brock, 215 S.W.2d 370 (Tex.Civ.App., Dallas 1948, ref., n.r.e.); Great American Accident Ins. Co. v. Roggen, 144 S.W.2d 1115 (Tex.Civ. App., Galveston 1940, n.w.h.); Great American Indemnity Co. v. McMenamin, 134 S.W.2d 734 (Tex.Civ.App., San Antonio 1939, dism., judg.cor.); National Aid Life Ass'n v. Murphy, 78 S.W.2d 223 (Tex.Civ. App., Dallas 1934, writ dism.).

■ Before the insurance company will be held to have waived a ground of forfeiture, or to be estopped from asserting such a ground, by reason of the fact that it has denied liability on another ground, the insured must show that the company knew the facts which would entitle it to insist on forfeiture at the time the company denied liability. German Alliance Ins. Co. v. Ft. Worth Grain & Elevator Co., 269 S.W. 430 (Tex.Com.App.1925).

■ The evidence does not show that the insurance company was in possession of facts at the time it denied liability from which it could reasonably conclude that the loss suffered by appellant was not a direct result of bodily injuries effected solely and independently of all other causes through external, violent and accidental means. It could not, under this state of facts, be held to have waived, nor to be estopped from asserting, a defense of which it was ignorant.

In view of this conclusion we do not reach a more fundamental question, that is, whether the insurance company, by denying liability on one specific ground, is estopped to insist that the insured prove facts bringing himself within the coverage of the policy. 45 C.J.S. Insurance § 707, n. 87.

■ The burden rested upon appellant to allege and prove facts showing that the loss sustained was covered by the policy of insurance. Tix v. Employers Casualty Co., 368 S.W.2d 105 (Tex.Civ.App., Houston 1963, n.w.h.); Reserve Life Insurance Company v. Crager, 421 S.W.2d 697 (Tex. Civ.App., Beaumont 1967, n.w.h.).

There is no testimony that the condition of appellant's leg discovered on December 21, 1965, was caused by, or resulted from, the kick received in October, nor is there testimony that the amputation in January, 1966, was caused by, or resulted from, the infection discovered in December.

■ The jury found that appellant lost his leg as a direct result of the bodily injuries sustained as a result of the blow to his leg. This finding is supported by no competent evidence in the absence of expert medical testimony establishing a causal relationship between the amputation of the leg and the infection, or between the blow received on the leg and the infection subsequently occurring. Texas Emp. Ins. Ass'n v. Espinosa, Tex.Civ.App., 363 S.W.2d 871, rev'd. 367 S.W.2d 667 (Tex.Sup.1963); Tyler Mirror and Glass Co. v. Simpkins, 407 S.W.2d 807 (Tex.Civ.App., Tyler 1966, ref. n.r.e.); National Life and Acc. Ins. Co. v. Shern, 389 S.W.2d 726 (Tex.Civ.App., Austin 1965, n.w.h.); Reserve Life Ins. Co. v. Miller, 300 S.W.2d 343 (Tex.Civ.App., Austin 1957, ref., n.r.e.); Scott v. Liberty Mutual Ins. Co., 204 S.W.2d 16 (Tex.Civ. App., Austin 1947, ref., n.r.e.).

Appellant failed to sustain the burden of proving that his loss was covered by the insurance policy in question. The trial Court properly could have sustained appellant's motion for a directed verdict. The motion for judgment non obstante veredicto was properly sustained. Rule 301,

Texas Rules Civil Procedure; McDonald, Texas Civil Practice, §§ 11.25/11.30 and 17.32; Calvert, 38 Texas Law Review 361.

The judgment of the Trial Court is affirmed.