United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-20005


ESCO TRANSPORTATION COMPANY; ET AL,

Plaintiffs,

COMPASS BANK,

Plaintiff-Appellant,

VERSUS

GENERAL INSURANCE COMPANY OF AMERICA,

Defendant-Appellee.



Appeal from the United States District Court

For the Southern District of Texas, Houston Division

H-01-CV-1727



Before EMILIO M. GARZA and DENNIS, Circuit Judges, and VANCE,[*]

District Judge.

_____

[*] District Judge of the Eastern District of Louisiana,
sitting by designation.

PER CURIAM.[**]

This insurance coverage dispute involves a claim against a cargo insurance policy made following the theft of a shipment of clothing from an unattended semitrailer. Compass Bank ("Compass") appeals the district court's grant of summary judgment in favor of General Insurance Company of America ("General"). For the following reasons, we AFFIRM the district court's judgment in favor of General.

I.   FACTS AND PROCEEDINGS

Esco Transportation Company ("Esco") transported cargo cross-country. On September 4, 2000, a loaded tractor trailer owned by Esco was stolen while it was parked unattended on a public street in East Los Angeles. Evidence indicated that the cab had been forcibly entered. Esco recovered both the tractor and the trailer, but it did not recover the cargo in the trailer, clothing valued at $372,088.80.

Esco submitted a claim to General on its cargo insurance policy (the "Policy"). The Policy covered loss of cargo:

> A. Coverage. We will pay for "loss" to Covered
> Property from any of the Covered Causes of Loss.
>
> . . .
>
> 3. Covered Causes of Loss. We cover your legal
> liability for direct physical "loss" to Covered

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Property in accordance with the Tariff, Bill of Lading or Shipping Receipt except those causes of "loss" listed in the exclusions.

The Policy excluded coverage for loss of cargo caused by theft "while the property in or on any motor vehicle or trailer is unattended unless the property is contained in a fully enclosed and securely locked body or compartment and there is visible evidence of violent, forcible entry thereto" ("Unattended Trailer Exclusion").  Section E of the "Loss Conditions" section of the Policy, entitled "Loss Payment", addressed payment for covered losses:

We will pay or make good on any "loss" covered under this Coverage Part within 30 days after:

1. We reach agreement with you;
2. The entry of final judgment; or
3. The filing of an appraisal award.

We will not be liable for any part of a "loss" that has been paid or made good by others.

On September 25, 2000, Esco filed for relief under Chapter 11 of the Bankruptcy Code.[1]  On October 3, 2000, General denied Esco's claim under the Policy based on the Unattended Trailer Exclusion.  General concluded that there was no visible evidence of forced entry into the trailer.  In the denial letter, General also expressly reserved all rights, privileges and defenses under the Policy.  General further clarified, "No statement or act undertaken by us shall constitute a waiver or relinquishment ...

---

[1] The bankruptcy proceeding was later converted to a Chapter 7 liquidation.

of any or all said rights, privileges and defenses."

On April 20, 2001, Esco sued General in Texas state court, alleging breach of contract, violations of the Texas Insurance Code, TEX. INS. CODE art. 21.21-2, and violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE §§ 17.46, 17.50. Esco also sought a declaratory judgment of coverage under the Policy. In May, 2001, General removed the case to federal court on diversity grounds and amended its answer to assert affirmative defenses and to allege that conditions precedent to recovery under the Policy had not been met.[2]

General filed a motion for summary judgment, and Esco filed a motion for partial summary judgment on the issue of General's obligation to provide coverage for the loss. The district court granted General's motion as to all extra-contractual claims but denied it as to the breach of contract claims. The court denied Esco's motion for partial summary judgment.

On July 8, 2002, Compass moved to substitute itself in place of Esco as the real party in interest in Esco's suit against General, contending that it was the successor-in-interest to Esco's claims and causes of action under the Policy. Compass was

---

[2] Esco initially sued Safeco Insurance Company of America ("Safeco"). Safeco filed the original answer to Esco's complaint, denying the allegations in the complaint, including the allegation that Safeco had issued an insurance policy to Esco. Esco filed an unopposed motion to change the style of the case, changing the name of the defendant to General Insurance Company of America. Thus General's amended answer was the first answer to directly address specific allegations in Esco's complaint.

a secured creditor of Esco, and Esco secured the loans from Compass with collateral that included Esco's insurance policies and proceeds. After the district court granted Compass's motion, Compass continued to pursue Esco's claims.

General later filed a second motion for summary judgment on several grounds, including that the Loss Payment provisions in the Policy which established conditions precedent to coverage had not been met. The court granted summary judgment based on Compass's failure to demonstrate that the Loss Payment provisions had been satisfied and entered final judgment in favor of General. Plaintiff then moved for a new trial. The district court denied plaintiff's motion, emphasizing that plaintiff had failed to present any evidence establishing a loss under the Policy.

## II. DISCUSSION

### A. Standard of Review

We review the district court's ruling on a motion for summary judgment *de novo*, applying the same legal standard as the district court. *See Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir.2002). We likewise review matters of contract interpretation de novo. *See T.L. James & Co. v. Traylor Bros. Inc.*, 294 F.3d 743, 746 (5th Cir. 2002). Summary judgment should be granted only when there is "no genuine issue as to any material fact[.]" Fed. R. Civ. P. 56(c); *see also Wyatt*, 297

5

F.3d at 408-09. In determining whether there is a dispute as to any material fact, we consider all of the evidence in the record, but we do not make credibility determinations or weigh the evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Instead, we "draw all reasonable inferences in favor of the nonmoving party[.]" *Id.; see also Wyatt*, 297 F.3d at 409. If we determine, after giving credence to the facts as presented by the nonmoving party, that "the moving party is entitled to a judgment as a matter of law," we affirm the grant of summary judgment. Fed. R. Civ. P. 56(c). "[S]ummary judgment is appropriate if the nonmovant fails to establish facts supporting an essential element of his prima facie claim." *GeoSouthern Energy Corp. v. Chesapeake Operating Inc.*, 274 F.3d 1017, 1020 (5th Cir. 2001). The nonmovant cannot avoid summary judgment by presenting only "conclusory allegations" or "unsubstantiated assertions" but must present sufficient evidence to create a genuine issue of material fact. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**B.   Analysis**

In its second motion for summary judgment, General argued that Compass lacked standing to bring a claim for breach of contract, that Compass could not establish any rights under the Policy, and that Compass could not show the existence of a

triable issue about whether the conditions precedent to coverage had been met. The district court granted summary judgment based on Compass's failure to put forth any evidence that either it or Esco had complied with the Policy's provisions for establishing loss.

Under Texas law, the insured bears the burden of establishing that a claimed loss falls within the terms of the policy. *See Western Alliance Ins. Co. v. Northern Ins. Co.*, 176 F.3d 825, 831 (5th Cir. 1999); *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled on other grounds by State Farm Fire & Cas. v. Gandy*, 925 S.W.2d 696 (Tex.1996). General contends that summary judgment was warranted because Compass did not establish the existence of a covered loss under the Policy.

The Policy provided that General would cover the insured's "legal liability" for third-party loss "in accordance with the Tariff, Bill of Lading or Shipping Receipt." The record contains no evidence of any tariff, bill of lading, shipping receipt, or other document showing Esco's legal liability, the value of the cargo, or the owner of the cargo. Compass conceded that Esco has not reimbursed Sam's Wholesale Club for the value of the cargo. When Esco filed its complaint, it asserted that cargo valued at $372,088.80 was stolen, and Esco therefore was required to reimburse Sam's Wholesale Club for the stolen cargo. Esco also submitted an affidavit of an Esco employee with its motion for

7

partial summary judgment that conclusorily asserted that Esco was required to reimburse Sam's Wholesale Club for the value of the cargo, without establishing the basis for Esco's liability to Sam's Wholesale Club. The record contains nothing of evidentiary value on the issue of Esco's legal liability, much less evidence establishing Esco's legal liability "in accordance with the Tariff, Bill of Lading or Shipping Receipt." Compass disputes General's representation of the record, stating that it supplied General with a bill of lading and a claim from the cargo owner, but as the district court noted, the record does not contain any such evidence. As a result, Compass has failed to establish a genuine issue of material fact with respect to Esco's legal liability, and thus whether there was a covered cause of loss under the Policy. General was therefore entitled to summary judgment.

Although Compass quarrels with the district court's conclusion that the insured had to meet one of the three conditions listed in the Loss Payment provision to establish liability, we note that Compass failed to establish Esco's legal liability by any means. The district court emphasized the absence of any evidence that Esco was indeed liable to Sam's Wholesale Club in its denial of plaintiff's motion for a new trial. The Policy covers only legal liability, and we affirm the district court's conclusion that Compass never established the existence of Esco's legal liability under the Policy. As a

8

result, we also need not reach the issue of whether the loss is excluded from coverage under the Unattended Trailer Exclusion.

Compass argues that when General initially denied coverage to Esco based on the Unattended Trailer Exclusion, it waived any other defenses to coverage. Compass relies on *Lancon v. Employers Nat'l Life Ins. Co.*, 424 S.W.2d 321 (Tex. Civ. App. - Houston [1st Dist.] 1968); *Scott v. Indus. Life Ins.*, 411 S.W.2d 769 (Tex. Civ. App. - Dallas 1967); and *Am. Employers Inc. Co. v. El Paso Val Cotton*, 392 S.W.2d 569 (Tex.Civ.App.-El Paso 1965). As the court stated in *Lancon*, "when one specific ground of forfeiture is urged against a policy of insurance, and the validity thereof denied on that ground alone, all other grounds are waived." 424 S.W.2d at 323. In its initial letter denying coverage, General did not rely on the single ground alone and instead specifically reserved all rights, privileges, and defenses under the Policy. Further, when General answered Esco's claims, it promptly asserted affirmative defenses and alleged that conditions precedent to recovery under the Policy had not been met. Because General did not deny Esco's claim on the Unattended Trailer Exclusion ground alone, we affirm the district court's finding that General did not waive all other defenses under the Policy.

## III. CONCLUSION

Because Compass failed to meet its burden of establishing

9

Esco's legal liability for the loss and thus did not establish the existence of a covered loss under the policy, we AFFIRM the district court's grant of summary judgment for General.