## Slater *v*. General Casualty Company of America, Appellant.

Argued March 24, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John B. Brooks,* of *Brooks, Curtze & Silin,* and *Cecil Elfenbein,* for appellant.

*Edward E. Petrillo,* for appellee.

OPINION BY MR. JUSTICE DREW, April 13, 1942:

Plaintiff, Robert Slater, recovered a judgment in trespass in the sum of $11,365.55 against James Pellican

for damages sustained when he was a passenger in the latter's automobile, and then brought this suit in assumpsit against Pellican's insurance carrier, the General Casualty Company of America, alleging its liability under a policy wherein it agreed to assume any obligation to which Pellican would become subject on account of injuries sustained by a passenger while riding in his car. The jury returned a verdict in favor of plaintiff for $5,000, the face amount of the policy. After the learned court below had refused motions for judgment n. o. v. and a new trial and entered judgment on the verdict, the defendant appealed.

The material facts are not disputed. The defendant is a corporation of the State of Washington, qualified to do business in Pennsylvania. In 1938-39, Cole, Incorporated, of Pittsburgh, was its general agent for the eastern part of the United States, and Paul T. Allen was its general agent for Erie County, Pennsylvania, with offices in the City of Erie. Allen had authority to issue policies of liability insurance and was instructed to forward a report of them to Cole, Incorporated, for approval as to risk. He was also authorized to appoint sub-agents, subject to the approval of the Company's home office. About March 1, 1938, he appointed Michael J. Marasco a solicitor of insurance, and made application to the Insurance Commissioner of Pennsylvania for a license for him, which was granted April 1st. On March 19th, Marasco obtained from Pellican an application for the liability insurance in question, and then collected a full year's premium and informed Pellican that he was insured. Allen wrote the policy and gave it to Marasco for delivery. Five days later the general agent, Cole, Incorporated, advised Allen that the risk on Pellican was not satisfactory and that his policy should be cancelled. Allen thereupon collected the policy from Marasco, who had not delivered it, and returned it to the home office, where it was marked "Cancelled flat". Marasco did not notify Pellican of the cancellation or return the pre-

mium money. The policy specified that it might be cancelled by the Company upon five days written notice to the insured.

On October 25, 1938, when plaintiff was a passenger in Pellican's automobile, it collided with a fire truck of the City of Erie, and Pellican and plaintiff were injured to such an extent that Pellican was confined in the hospital for a month and plaintiff for a considerably longer period. The policy required that written notice of an accident be given the Company or its authorized agent "as soon as practicable". While still in the hospital, within two weeks after his injury, Pellican sent his brother and a friend to notify Allen, the agent, of the accident. They were told by him that the policy had been cancelled and that the Company would disclaim liability. Shortly after his discharge from the hospital Pellican consulted his attorney, who, on November 21, 1938, gave the Company written notice of the accident. The letter was received by the home office but was never answered. On February 21, 1939, plaintiff brought suit against the City of Erie, which, on August 11, 1939, brought in Pellican as an additional defendant. This action resulted in judgment for plaintiff against Pellican only. No notice of this proceeding was sent to defendant, although the policy provided that in the event of suit being brought the insured should immediately forward to the Company every demand, notice, summons or other process received by him.

Defendant in support of both its motions urges that it is not liable on the policy because (1) Marasco was not its properly authorized agent, (2) the policy had been cancelled, and (3) Pellican did not comply with its terms, in that he failed to give prompt notice of the accident, and did not report that suit had been instituted against him or forward the summons and statement of claim.

The first contention is not seriously pressed, nor could it be, in view of the fact that it was not Marasco, but Allen, the general agent, who wrote the policy. Pelli-

can became insured on the issuance of the policy by Allen, and the fact that Marasco was unlicensed at the time he solicited the business and collected the premium is immaterial.

The second contention, that there is no liability because the policy had been cancelled, is without merit. If it were true the policy had been cancelled, there would be merit in the claim. "A contract of insurance, like any other, requires the consent of both parties to cancel or rescind it, unless by its own terms a right to do so is given to either party alone, and if such right is given upon conditions they must be fully complied with before the right can be exercised": *Davison v. Insurance Co.,* 189 Pa. 132, at p. 136. To the same effect is *Scheel v. German-American I. Co.,* 228 Pa. 44. Notice to the broker or agent is insufficient; it must be communicated to the insured: *Scott v. Sun Fire Office,* 133 Pa. 322. It would be manifestly unfair to the insured to have his policy cancelled without informing him, because he would then be left with a false sense of security and would be prevented from securing other insurance. Defendant could have protected itself by sending the insured the written notice of cancellation called for in the policy.

The third contention alleges failure on the part of the insured to comply with the terms of the policy. Defendant does not rely on this defense with particularly good grace, because of its action in collecting the policy before it had been delivered, thus making it impossible for the insured to acquaint himself with its terms and conditions. It would place an intolerable burden on the insured to require that he fully perform the contract under such circumstances. A promisor who prevents or hinders the performance of a condition upon which his liability depends cannot take advantage of a default on the part of the promisee: Williston on Contracts (Rev. ed.), Vol. Three, §677. We could decide this contention on this ground, but prefer to consider the arguments on their merits.

The first respect in which defendant alleges that insured was at fault was in his failure to notify it of the accident. The policy required written notice of any accident to be given to the Company or any of its authorized agents as soon as practicable. In *Unverzagt v. Prestera,* 339 Pa. 141, 144, we gave expression to the rule that the question of compliance with such a provision was ordinarily for the court, unless there were extenuating circumstances, in which case it was for the jury to say whether the delay was justifiable. Although the nature and extent of Pellican's injuries do not appear in the record, it is safe to say that they were serious. While in the hospital, within a fortnight after he was injured, he gave oral notice to the general agent through his brother and a friend, and within a week after his release consulted his attorney, who immediately informed defendant in writing. These facts, and the further fact that the agent told his brother the policy had been cancelled, which may have caused him to delay his written notice, were sufficient to require submission of the question of promptness of notice to the jury.

The second respect in which defendant asserts Pellican failed to comply with the terms of the policy was in not forwarding to defendant the summons and statement of claim in the trespass action. But long before the necessity arose for compliance with this requirement, defendant company had, through the oral representations of its agent Allen, and through its conduct in not replying to the letter of Pellican's attorney, denied liability on the ground that the policy had been cancelled. Defendant, through interrogatories put to its home office employee, C. B. Mooney, admitted that this was the reason for not answering the letter. In view of this attitude on defendant's part the insured properly thought it useless to comply further with the requirements of the policy, and refrained from doing so. In this he was justified, for he was not required to do a vain thing. In *Arlotte v. Nat. Liberty Ins. Co.,* 312 Pa. 442, where it

was held that an agent's representation that the loss in question was not covered by the policy excused plaintiff from complying with its terms regarding proofs of loss, we said (p. 445) : ". . . an insurer will not be permitted to take advantage of the failure of the insured to perform a condition precedent contained in the policy, where the insurer itself is the cause of the failure to perform the condition." We do not mean by this to hold that in all cases denial of liability on one ground operates as a waiver of all other grounds. The rule is correctly stated in *Welsh v. London Assurance Corp.*, 151 Pa. 607, at p. 618: "No party is required to name all his reasons at once, or any reason at all, and the assignment of one reason for refusal to pay cannot be a waiver of any other existing reason, unless the other is one which could have been remedied or obviated, and the adversary was so far misled or lulled into security by the silence as to such reason that to enforce it now would be unfair or unjust . . ." Obviously, if one party to a contract denies that it is any longer in force, the other is thereby led to believe that compliance with its conditions on his part will be of no avail to protect his rights thereunder. We are of opinion that the acts of defendant by its agent were such that a waiver of the requirements of the policy regarding subsequent duties on the part of insured is implied by law, and that therefore defendant is now estopped to set up non-compliance as a defense to liability.

The other assignments in support of the motion for a new trial have been considered and found to be without merit. All the assignments are overruled.

Judgment affirmed.