█ JOHN A. PROC, Doing Business as PROC BEAUTY SALON, Respondent, v. HOME INSURANCE COMPANY et al., Appellants.— Order, entered on July 8, 1964, unanimously reversed on the law, and the complaint dismissed, with $30 costs and disbursements to the appellants. The action was not commenced within one year as required by the provisions of the policies and the applicable statute (Insurance Law, § 168, subds. 1, 2, 6). Nor was there any written waiver of the requirements of the policies (Insurance Law, § 168, subd. 6). The contention of the plaintiff that there was waiver by conduct is not borne out by the record. It was expressly stated in writing that the

furnishing of blank forms of proof of loss and the examination of plaintiff was not to be construed as a waiver, and plaintiff by letter pointed out that it was expressly understood that settlement discussions, if any, were without prejudice to any defenses which might be asserted, and that such discussions would not be claimed to constitute a waiver. The opposing affidavits fail to disclose that plaintiff was in any degree lulled into a sense of security by virtue of any representation that the matter would be settled or that defendant contemplated making an offer of settlement. Concur — Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.