■ In the Matter of the Arbitration between ROBERT KELLY, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order and judgment (one paper) herein appealed from, unanimously reversed, on the law and the facts, with $30 costs and disbursements to appellant, and the motion to stay arbitration is granted. The evidence is insufficient to establish a valid disclaimer by Knickerbocker Insurance Company (Knickerbocker). Claimant, a passenger in an insured vehicle, was injured on April 11, 1965, when that vehicle was struck by another vehicle, a hit-and-run car. However, the driver of claimant's car obtained the license number of the offending vehicle which was later ascertained to have been insured by Knickerbocker. Knickerbocker's insured, one Philip Robinson, failed to report the accident. However, on August 1, 1965, Knickerbocker received written notice of the accident from Cardinal Claim Service on behalf of MVAIC. Such notice is permitted (Insurance Law, § 167, subd. 1, par. [c]). A letter dated August 3, 1965, addressed to the assured at 160 Bristol Street, Brooklyn, was returned marked "addressee unknown." Significantly Knickerbocker later, on October 25, 1965, addressed one of its letters of disclaimer to the assured at that same address. A witness for Knickerbocker testified "we apparently had the correct address all along." Robinson advised Knickerbocker the Bristol Street address was his mailing address. At any rate, following upon the sending of the August 3 letter, Knickerbocker did not send out an investigator to locate Robinson until sometime about September 14, 1965. Robinson was located October 5, 1965, and Knickerbocker had other communications with him thereafter. A statement was taken October 18, 1965, which was followed by a letter of disclaimer dated October 25, 1965. The disclaimer letter alleged a failure to give notice and lack of co-operation. From the record it is apparent that Robinson did fail to give Knickerbocker prompt notice of the accident. However, notice was given to Knickerbocker by Cardinal and there is no finding such notice was not given as soon as reasonably possible (see, Insurance Law, § 167, subd. 1, par. [d]). Nor did Knickerbocker disclaim promptly or within a reasonable time as it should have done if it relied on late notice or failure to give notice (see, *Cohen* v. *Atlantic National Ins. Co.*, 24 A D 2d 896). Instead it undertook an investigation, set up a file, etc. No action was commenced against Robinson by claimant and there is no indication of any prejudice to Knickerbocker arising from the delayed notice, whereas claimant could well be prejudiced (cf. *Royal Ind. Co.* v. *Kay*, 48 Misc 2d 1086). Moreover, when the co-operation of Robinson was sought the record does not support the conclusion that he failed and refused to co-operate. In fact he gave a voluntary statement to Knickerbocker. The burden of showing non-co-operation is on the insurer (Insurance Law, § 167, subd. 5; *Thrasher* v. *United States Liab. Ins. Co.*, 19 N Y 2d 159). For the reasons heretofore stated, it is concluded that the disclaimer was invalid and

the arbitration should be stayed. Concur — Stevens, J. P., Steuer, McGivern, Rabin and McNally, JJ.