Leonard Leigh Finz, J.
The issue to be adjudicated in this action for a declaratory judgment is whether the defendant Aetna Life and Casualty Company had properly disclaimed liability as to the plaintiffs under an insurance policy issued by it to defendant Maria Pena.
By stipulation entered into among the attorneys for the various parties herein, this action is submitted for decision by the court on an agreed state of facts, which are as follows:
On March 4, 1970, while the plaintiff Ellen Pensky was a passenger in the automobile owned and operated by defendant Arthur Jensky, there was a collision between that car and another owned by defendant Maria Pena and operated by defendant Juan Alvarez on the Cross Island Parkway in the vicinity of Hillside Avenue, Queens County. On September 12, 1972, the attorney for plaintiffs notified Aetna by letter of the accident, enclosing therein a copy of the summons and complaint in the action against the various individual defendants. Aetna returned these papers on October 19, 1972, indicating that they were not authorized to accept service on behalf of their insured but that they would appear in the action if the court so directs. On October 25, 1972, Aetna addressed a letter to Pena and Alvarez, denying coverage under the insurance policy, a copy of which was sent to the attorney for the plaintiffs. On February 9, 1973, an order was made in this court providing for service of the summons and complaint by the plaintiffs upon the defendants Pena and Alvarez and, in addition thereto, for service by registered mail upon Aetna. On February 22, 1973, Aetna advised the plaintiffs’ attorney that it would stand by its rejection of the claim, which was made by letter of October 25, 1972. On January 23, 1974, notice by virtue of a pleading was given to Aetna by the defendant Jensky of a claim over against their insured, under Dole v Dow Chem. Co. (30 NY2d 143). The third-party summons and cross claim were returned by Aetna, stating that they had no authority to accept service on behalf of their insured. The defendant Jensky then applied for an order granting leave to serve the said third-party summons and complaint, which was granted by an order of this court, and service thereof on Aetna in accordance with its terms was made on April 19, 1974. On May 1, 1974, Aetna informed Pena and Alvarez that it rejected the cross claim.
A number of other facts appear herein by virtue of the exhibits and the pleadings submitted. The complaint in the instant action states that service of the summons and com *272 plaint was made, on Pena on August 23, 1972, but does not indicate the manner of such service. In view of the subsequent efforts by the plaintiff to obtain an order for such service, it must be assumed that that effort was abortive and that the subsequent date, February 20, 1973, was the effective one. It must be assumed, further, in the absence of other facts, that when the plaintiffs attempted to serve Pena and Alvarez, and became aware somehow, on or about August 23, 1972, that this could not be effectively accomplished, they immediately gave notice and furnished the summons and complaint to Aetna. This served to fully apprise Aetna of all of the facts and circumstances concerning the accident. The exhibits submitted herein show that on October 19, 1972, by letter, the attorney for Aetna returned that notification, stating that the company is not authorized to accept service of process for its insureds and denying further that proper service had been made upon their insured.
By letter dated October 25, 1972, addressed to Pena, Aetna then advised her of the plaintiffs’ claim that she was served with a summons and complaint; that they had not received any documents from her, and drawing her attention to the terms of the policy, which requires "when an accident occurs, a written notice shall be given by or on behalf of the assured to the company or any of its authorized agents as soon as practicable”. In addition to requiring full information, said provision required the insured to "immediately forward to the company every demand, notice, summons or other process received by him or his representative.” The letter then disclaimed all responsibility "in view of the above”. A similar letter was sent at the same time to Alvarez at 14 Sutton Place South, despite the fact that there is no indication that he at that time resided at that address.
The letter of February 22, 1973 written by Aetna to plaintiffs’ attorney after service upon Aetna of the summons and complaint, pursuant to an order of the court, rejects the claim, advising that "we will stand upon our disclaimer of 10/25/72”. The complaint herein indicates that Jensky was served on August 21, 1973. The letter by his attorney dated January 23, 1974, informing Aetna of his cross claim, further indicates that in the interim period he has "diligently tried to locate and serve the codefendants but to this date has been unable to locate them”. Again, one must assume that evidence to that effect would have been adduced were the matter not submit *273 ted on an agreed state of facts. It would appear from the succeeding efforts on the part of Jensky to obtain court approval for the service of the third-party summons and complaint that he had proceeded with reasonable diligence.
The last exhibit is addressed to Mrs. Maria Alvarez, [sic] at 964 Sherman Avenue, Bronx, N. Y., which would indicate (making a fair assumption in the absence of proof) that the defendant Pena had married Juan Alvarez, presumably the same Alvarez-involved in the original action. This letter again rejected all liability for the claims herein, referring to the violation of the same condition of the policy hereinabove referred to. Significantly, there is no record of a similar rejection sent to Juan Alvarez, so that there appears to be no disclaimer concerning the cross claim and the claim for contribution as to him.
We thus come to a consideration of the law as it applies both to the injured person and the cross claimant herein, with respect to the notice required to be given to the insurance company when the insured has breached the contractual obligation contained in the policy. Under section 167 (subd 1, par [c]) of the Insurance Law, the right is afforded to the injured person to give notice to the insurance company and to secure the benefits of the policy issued to the insured. (Lauritano v American Fid. Fire Ins. Co., 3 AD2d 564, affd 4 NY2d 1028; Matter of Kelly [MVAIC], 30 AD2d 516; Matter of Allstate Ins. Co. v Flaumenbaum, 62 Misc 2d 32, 37.)
While the carrier may assert that it has the right to reject the claim of the injured person as well, based on the failure of the injured person to give notice within a reasonable time, nevertheless, such rejection must clearly specify the basis or the reason for such rejection, and its failure to so specify will be deemed a waiver of the basis for rejection of the claim. (Appell v Liberty Mut. Ins. Co., 22 AD2d 906, affd 17 NY2d 519; D’Aquilla Bros. Contr. Co. v Hartford Acc. & Ind. Co., 22 Misc 2d 733, 736, mod 15 AD2d 509; Brink v Hanover Fire Ins. Co., 80 NY 108; Shapiro v Employers Liab. Assur. Corp., 139 Misc 454; Matter of Empire Mut. Ins. Co. [Stroud], 43 AD2d 931, affd 36 NY2d 719; Olenick v Government Employees Ins. Co., 68 Misc 2d 764, 771, mod 42 AD2d 760.) In each case of its rejection of the claims made both by the injured party and the cross claimant, Aetna referred to the condition in the policy which required the insured to give immediate notice in writing of the details of the accident. At *274 no time did it indicate that it was disclaiming for failure of the injured party, or other claimant, to give reasonable notice.
Having prepared and sent the various letters of rejection, any ambiguity or omission contained therein must be strictly construed against the insurance carrier. (Woods Patchogue Corp. v Franklin Nat. Ins. Co. of N. Y., 5 AD2d 577, revd on other grounds 5 NY2d 479; Ginell v Prudential Ins. Co. of Amer., 237 NY 554; Greaves v Public Service Mut. Ins. Co., 5 NY2d 120; Welsh v Peerless Cas. Co., 8 AD2d 373, affd 8 NY2d 745; Jewtraw v Hartford Acc. & Ind. Co., 284 App Div 312; Sincoff v Liberty Mut. Fire Ins. Co., 11 NY2d 386.) At no time, and in none of its letters to the injured person (plaintiffs herein) and the other claimant (defendant Jensky) did Aetna state that it was renouncing its duty to defend because of the claimants’ failure to give proper and timely notice (assuming, but in no way conceding, that it had a right to do so). "By limiting its disclaimer to lack of notice by the insured, defendant has waived all other grounds for disclaiming under the policy”. (Olenick v Government Employees Ins. Co., 68 Misc 2d 764, supra; Volosin v State Wide Ins. Co., NYLJ, June 27, 1974, p 13, col 5.)
There are other and overriding considerations in giving greater protection to a person injured in an accident than to the insured, such as the basic reason for the existence of section 167 of the Insurance Law. "An insurer can be seriously prejudiced by the failure of the insured to furnish it with a prompt report of the accident, with a description of the time, place and circumstances and the names and addresses of persons injured and of witnesses. Nevertheless, the carrier’s right to an early investigation must, under the mandate of section 167 of the Insurance Law, yield to the paramount right of the accident victim to protection, no matter how dilatory the insured may have been”. (Lauritano v Amer. Fire Ins. Co., 3 AD2d 564, 571, affd 4 NY2d 1028, supra.) Looming behind this entire concept is the fact that an injured person has three years from the date of the accident within which to institute an action to recover for his injuries. It is possible that during a considerable portion of this time the injured party may be totally unaware that the insured has failed to comply with the provisions of his policy.
The obligation of the insured under the policy is separate and distinct from that of a claimant whose right originates in a statute. To impose the same requirement of diligence upon a *275 claimant as upon the insured would be to deprive the claimant of his third-party beneficiary rights created under the statute and the policy. These rights must be carefully guarded, especially at this time when the public has been afforded by statute such features as compulsory insurance (Vehicle and Traffic Law, art 6), assigned risk (Insurance Law, § 333) and accident indemnification (Insurance Law, art 17-A). In view of what appears to be a strong public policy posture for the protection of persons injured in accidents, it would be inappropriate to permit insurance companies to take refuge in bare technical violations of the terms of their policy to the disadvantage and prejudice of the public. In matters of this kind societal interest is far more compelling than that which is projected by the defendant insurance carrier.
Consequently, it is the judgment of this court that Aetna Life and Casualty Co. be required to appear and to defend the action by plaintiffs herein against defendants Pena and Alvarez, together with the cross claim and countersuit by defendant Jensky.