■ PETER MATTIMORE, Appellant, v PATROON FUELS, INC., et al., Defendants, and SEVERSON AGENCY, INC., et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Hughes, J.), entered April 27, 1983 in Albany County, which, *inter alia,* granted defendant Travelers Insurance Company's motion for summary judgment dismissing the complaint, (2) from an order of said court, entered May 4, 1983 in Albany County, which, *inter alia,* granted defendant Anthony Manning's motion for summary judgment dismissing the complaint, and (3) from an order of said court, entered May 4, 1983 in Albany County, which, *inter alia,* granted defendant Severson Agency, Inc.'s motion for summary judgment dismissing the complaint. ¶ Plaintiff sued defendants to recover on his homeowner's policy for damages sustained on November 29, 1979 when Patroon Fuels, Inc., caused oil to spill on property owned by plaintiff. Defendant Anthony Manning was an insurance agent, working for defendant Severson Agency, Inc., an insurance broker, who sold plaintiff his homeowner's insurance policy on behalf of defendant Travelers Insurance Company.[*] Plaintiff seeks to recover for breach of an insurance

---

[*] This action was commenced against five other defendants who are not involved in this appeal: Patroon Fuels, Inc., the oil company in question; Herzog & Hopkins, Inc., and Atlantic Richfield Co., defendant Patroon's assignee to plaintiff's account and parent corporation respectively; Great Northern Associates, Inc., an insurance broker-

contract, for intentional and negligent misrepresentation, and for conspiracy. At issue on this appeal is whether the trial court properly found that the insurance policy in question did not insure against damages for oil spills caused by the negligence of others and that plaintiff had not demonstrated enough evidence to estop defendants from denying coverage under the policy. We concur with Special Term's holding. ¶ The policy sued under was in effect from May 10, 1979 until May 10, 1980. It covered property damage resulting from specifically listed perils. After the spill occurred on November 29, 1979, plaintiff orally notified Manning of the damage. All of plaintiff's contacts regarding this matter were solely with Manning. Manning told plaintiff that Travelers would await the results of the oil company's attempts to clean up the spill and would then assess the situation. It was not until March, 1981 that plaintiff advised Manning that the oil company's attempts to clean up the spill were ineffective and that they would do nothing further. Plaintiff alleges that Manning told him that he "would take care of everything". Further inquiries made by plaintiff of Manning in July, 1981 elicited the same response. Plaintiff again made inquiry in the fall of 1981 and Manning then requested that plaintiff submit a letter describing the loss. Plaintiff sent a letter to Manning on November 23, 1981, which Manning received on November 25. Manning then sent the letter to the Severson Agency, from which he had been disassociated since January, 1981. Travelers subsequently denied plaintiff's claim because the Statute of Limitations had expired. Plaintiff instituted his suit in October, 1982. ¶ Special Term properly held that plaintiff had failed to sustain his burden of proof of showing that his loss was caused by one of the 19 enumerated perils insured against in the homeowner's policy (see *Perito v Northern Ins. Co.,* 189 Misc 204). Plaintiff's contention that the doctrine of equitable estoppel prevents defendants from asserting the defense of exclusion of coverage is based on Manning's statement, "I'll take care of everything", uttered in March and July of 1981, and on his prior instructions to plaintiff to await the outcome of Patroon's attempts to remedy the situation. Plaintiff contends that these actions on Manning's part led him to believe that the insurer would cover the loss if the oil company could not remedy the damage and that his reliance thereon was to his detriment. ¶ The doctrine of equitable estoppel can be applied to prevent an insurer from asserting valid defenses or exclusions to coverage (*Schiff Assoc. v Flack,* 51 NY2d 692, 699; *O'Dowd v American Sur. Co.,* 3 NY2d 347, 355). A plaintiff must show, however, that he has been prejudiced by the insurer's actions and that he has relied on some conduct of the insurer to his detriment (*Pasmear Inn v General Acc. Fire & Life Assur. Corp.,* 44 AD2d 647). ¶ On the proof adduced by plaintiff, nothing Manning did should have led plaintiff to believe that plaintiff's damages would be reimbursed. The policy clearly did not provide such coverage. We further find that Manning's statements regarding an assessment of the situation by Travelers after Patroon had done its part is not referable in any logical way to an acknowledgment of coverage. Manning's subsequent statement, "I'll take care of everything", also did not constitute an acknowledgment of coverage so as to mislead plaintiff. We note, also, that the latter's statements were uttered after Manning had disassociated himself from the Severson Agency. He was at that point not an agent for the agency or Travelers. We further note that Manning's letter to plaintiff, sent after he left the Severson Agency, clearly indicated that approval of coverage had to be made by Travelers. ¶ We find no proof on this record that plaintiff relied to his detriment on the representations and actions of defendants. ¶ Orders affirmed, with one bill of costs. Main, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

age corporation; and Insurance Company of North America, Inc., which was subsequently dismissed from the action by stipulation.

Mahoney, P. J., dissents in the following memorandum. Mahoney, P. J. (dissenting). I do not agree with the majority that summary judgment was properly granted. Since plaintiff does not raise the point on appeal, he apparently concedes that Special Term properly held that the loss is not within the enumerated perils of the policy. However, sufficient facts have been alleged to raise triable questions of fact regarding plaintiff's contention that the insurer defendants should be estopped from raising the issue. I agree with the majority that the mere statement of the insurance agent that he would "take care of everything" is not sufficient to establish an equitable estoppel. However, that is but one of a number of factors alleged by plaintiff. An additional factor is the substantial delay by the insurer defendants in disclaiming coverage. Plaintiff notified the insurance agent of the loss in December of 1979 and it was not until December of 1981 that the insurer first notified plaintiff that his claim was denied, the reason given being the Statute of Limitations. It does not appear that the insurer raised the coverage issue until after litigation was commenced. After an insured reports a loss, unreasonable delay on the part of the insurer in disclaiming coverage is sufficient to estop the insurer from asserting nonliability when the delay has prejudiced the insured (*Appell v Liberty Mut. Ins. Co.*, 22 AD2d 906, affd 17 NY2d 519). The instant record presents triable issues of fact regarding prejudice to the insured. During the time the oil company was attempting to clean up the oil spill, plaintiff was clearly not prejudiced by the insurer's failure to pay under the policy or disclaim coverage. However, from March of 1981 until December 4, 1981, when the insurer first disclaimed coverage, plaintiff alleges that he was unable to have the damage repaired due to uncertainty over whether the insurer would pay. Moreover, plaintiff alleges that the property was rent-producing property. It is apparent that triable issues of fact exist regarding equitable estoppel. ¶ The insurer defendants also moved to dismiss on the ground of the Statute of Limitations. The facts discussed above also raise triable issues of fact regarding whether they are estopped from raising this defense (see *Cardinale v Genesee Val. Med. Care*, 94 AD2d 966).