**Michael J. WEINTRAUB**

v.

**The ST. PAUL FIRE AND MARINE INSURANCE COMPANY.**

Civ. A. No. 84–2870.

United States District Court, E.D. Pennsylvania.

May 22, 1985.

Howard J. Kaufman, Philadelphia, Pa., for plaintiff.

Dennis J. O'Leary, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

This is a declaratory judgment action in which plaintiff, Michael J. Weintraub, seeks an order obligating The St. Paul Fire and Marine Insurance Company ("St. Paul") to (1) provide a defense, (2) indemnify against loss, and (3) reimburse fees and costs with respect to a legal malpractice claim against plaintiff's former law partner in which plaintiff has been joined as an additional defendant. Plaintiff has moved for summary judgment on the ground that St. Paul has abandoned or is estopped from asserting its defenses to liability. Because I conclude that St. Paul is not estopped from asserting the "knowledge of prior incident" defense, I will deny the motion.

### I.

For purposes of this motion, the relevant facts may be stated concisely: On December 7, 1983, St. Paul issued to Weintraub a Professional Liability Policy, No. 529JV5056, which covered plaintiff from the date of issuance until December 7, 1984. Coverage under the policy was on a "claims-made basis." In December, 1983, the Community Blood Council of Mercer County, Inc. filed suit against plaintiff's former law partner, Richard B. Gelade, charging that Gelade had been negligent in providing legal services during 1979 and 1980. In January, 1984, Gelade joined Weintraub as an additional defendant. On February 17, 1984, Weintraub notified St. Paul of the action and requested that St. Paul assume his defense and provide coverage. On March 6, 1984, St. Paul disclaimed coverage in a letter that stated that plaintiff was covered as an "individual," not as a "partnership." The letter also stated that St. Paul "must reserve all of its rights and conditions under this policy in addition to the reasons stated above to disclaim coverage." After a letter from plaintiff's attorney, St. Paul again denied coverage in essentially similar language. On June 12, 1984, plaintiff filed the instant declaratory judgment action. St. Paul's answer, filed on August 3, 1984, denied liability for reasons previously disclosed to Weintraub. In addition, St. Paul listed as its "Second Defense" that Weintraub, at the time the policy was issued, had knowledge of the incident involving his former partner and Community Blood Council of Mercer County, Inc., and that Weintraub knew that it was reasonably foreseeable that a claim would be made against him with respect to that incident. St. Paul asserts that such prior knowledge is a defense to liability under the contract.

Plaintiff's motion for summary judgment is premised on his contention that "an insurer's disclaimer of coverage on a specified ground estops it from later asserting other grounds...." Plaintiff's Memorandum of Law at 6. In essence, plaintiff argues that an insurer's failure to base its disclaimer of coverage on a specified ground, while asserting other reasons, will, as a matter of law, preclude the insurer from relying upon the previously unspecified ground in subsequent litigation.

In support of his position, plaintiff relies primarily on *McCormick v. Royal Insurance Co.*, 163 Pa. 184, 29 A. 747 (1894). In *McCormick*, the Pennsylvania Supreme Court held that a trial court erred in excluding evidence tending to prove that an agent of an insurance company told its insured that the company would not rely on a "space clause" in disclaiming liability under a fire insurance contract. The company initially asserted only that the plaintiff did not own any lumber destroyed in the blaze. The Supreme Court ruled that proof of such events would create an estoppel against the insurer. The Court reasoned that an insurer could not, by disclaiming a known possible defense, induce its insured to incur the expense and trouble of litigation, and then assert such a defense in subsequent proceedings.

■ As defendant points out, however, the Pennsylvania courts have not pursued the sweeping implications of the *McCormick* opinion. More recent precedent demonstrates that an insurer's failure to assert all possible defenses when denying coverage will create an estoppel only when such failure causes the insured to act to his detriment in reliance thereon. *Meth v. United Benefit Life Ins. Co.*, 198 F.2d 446 (3d Cir.1952); *ACF Produce, Inc. v. Chubb/Pacific Indemnity Group*, 451 F.Supp. 1095, 1100 & n. 2 (E.D.Pa.1978); *Slater v. General Casualty Company of America*, 344 Pa. 410, 25 A.2d 697 (1942); *Pfeiffer v. Grocers Mutual Insurance Company*, 251 Pa.Super.Ct. 1, 379 A.2d 118 (1977). *See also* 16C Appleman, *Insurance Law and Practice* § 9261 at 403 (1981).

The Third Circuit's decision in *Meth v. United Benefit Life Ins. Co.*, 198 F.2d 446 (3d Cir.1952) is the controlling authority in this case. In *Meth*, the plaintiff brought suit for disability benefits under an insurance policy. The insurance company initially denied coverage by asserting fraud in the inception. At trial the company defended on the basis that the disability arose from a disease of prior origin. The plaintiff sought to exclude the prior origin de-

fense, advancing precisely the argument pressed in the case at bar. The court of appeals considered, and rejected that argument:

> Plaintiff insists that the trial judge was in error in ruling that defendant was not estopped to assert the defense of "prior origin." ... Plaintiff's contention is based on the fact that the sole reason asserted by the company to Meth in support of its refusal to pay disability benefits under the policies in suit was fraud in the inception. Plaintiff considers the Pennsylvania law to be that where the insurer has refused to pay on one ground and has so informed the insured it cannot *when sued* set up a defense on another ground. Such construction of the rule is entirely too broad. Denial of liability on one ground does not in all cases operate as a waiver of all other grounds.

*Meth*, 198 F.2d at 447 (emphasis added).

Quoting Pennsylvania Supreme Court precedent subsequent to *McCormick*, the Third Circuit held that an estoppel would be created only where an insurer's omission of a ground from its stated reasons for disclaimer caused detrimental reliance on the part of the insured:

> The rule is correctly stated in *Welsh v. London Assurance Corp.*, 151 Pa. 607, at page 618, 25 A. 142, 143, 31 Am.St. Rep. 786: 'No party is required to name all his reasons at once, or any reason at all; and the assignment of one reason for refusal to pay cannot be a waiver of any other existing reason, unless the other is one which could have been remedied or obviated, and the adversary was so far misled or lulled into security by the silence as to such reason that to enforce it now would be unfair or unjust....'

*Meth*, 198 F.2d at 447, *quoting, Slater v. General Casualty Co. of America*, 344 Pa. 410, 416, 25 A.2d 697, 699.

■ From this review of authorities, it is evident that plaintiff's attempt to estop St. Paul from asserting the prior knowledge defense must fail. Plaintiff has neither alleged nor demonstrated that defendant's failure to provide timely notice of its re-

liance on that defense caused him unfair prejudice. That plaintiff might have been induced to file an unsuccessful lawsuit is not sufficient. The notion that such reliance, unrelated to the underlying merits of this dispute, suffices to create an estoppel has been rejected by the more recent cases. Plaintiff's motion for summary judgment will therefore be denied.