JOSEPHINE GUBERMAN, Appellant, v WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK, Respondent.

Second Department, March 6, 1989

### APPEARANCES OF COUNSEL

*Shayne, Dachs, Stanisci & Corker (Norman H. Dachs* and *Jonathan A. Dachs* on the brief), for appellant.

*Bleakley & Schmidt (Robert D. Meade* of counsel), for respondent.

### OPINION OF THE COURT

BRACKEN, J.

■ An insurer's assertion of one basis for disclaiming liability under a life insurance contract may give rise to an estoppel against its later assertion of different defenses to liability. Such an estoppel will arise, however, only if (1) the insurer knew of the different grounds for disclaiming liability, and yet omitted any reference to them in its original notice of disclaimer, and (2) the insured was prejudiced by such omission. Since we find that there are issues of fact as to whether an estoppel should be imposed against the defendant insurance company in the present case, we affirm the order of the Supreme Court which denied the plaintiff's motion to dismiss certain portions of the defendant's first affirmative defense.

The plaintiff Josephine Guberman is named as the beneficiary in a $200,000 life insurance policy issued by the defendant on or about September 9, 1985. Her husband, the named insured, Melvin Guberman, died on October 4, 1986. Mr. Guberman had applied for, and obtained, a "nonsmoker" life insurance policy which, according to the defendant's attorney, may be properly issued only to persons who have not smoked for at least 12 months preceding the issuance of the policy.

By letter dated February 23, 1987, the defendant informed the plaintiff that after investigating her claim under the life insurance policy, it discovered that Mr. Guberman had made a "material misrepresentation about his physical condition" at the time of his application for insurance. This misrepresentation consisted of Mr. Guberman's negative response to the question "Have you smoked cigarettes in the past 12 months?"

This letter also stated that "Nothing in this letter should be construed as a waiver of our other rights and defenses under the above named contract, and all such rights and defenses are specifically reserved".

By letter dated March 5, 1987, the plaintiff asked the defendant to reconsider its position asserting that her husband had not smoked for more than one year preceding the application for the policy. By letter dated May 20, 1987, her attorneys requested that the defendant "share with us the product of your investigation". On June 2, 1987, the defendant forwarded a letter which contained a list of the hospital and doctors' records based upon which it had determined that Mr. Guberman smoked within a year prior to the issuance of the policy.

The plaintiff subsequently brought this action in October of 1987. In her complaint, the plaintiff sought judgment in the sum of $200,000 plus interest from the date of the decedent's death on October 4, 1986.

The defendant's answer included, as part of its first affirmative defense, the allegation that the decedent had falsely answered "no" to the question on his insurance application as to whether he had ever had a "chronic hoarseness or cough". This alleged misrepresentation is in addition to the decedent's denial of having smoked cigarettes within a year of the policy's issuance.

The plaintiff subsequently made a motion for an order striking that portion of the defendant's first affirmative defense which refers to the decedent's alleged denial of a chronic cough. The plaintiff's attorney argued that by not mentioning the decedent's denial of a chronic cough in its original disclaimer letter, the defendant had waived, or was estopped from asserting, the defense.

In opposition, the defendant's attorney argued that unlike liability insurers, life insurers have no duty to immediately inform the insured of the basis for a disclaimer, and that, in any event, the defendant's disclaimer contained a valid reservation of its right to rely on other defenses.

The Supreme Court denied the plaintiff's motion and this appeal followed.

The plaintiff's motion to dismiss stated portions of the defendant's first affirmative defense is not addressed to the truth of the assertions contained therein, but is based solely on principles of estoppel or waiver. We may therefore assume

the truth of the defendant's assertions, recognizing, of course, that this will be a matter of dispute at any future trial. Accordingly we deem conceded, for the purposes of this motion only, that Mr. Guberman deliberately misled the defendant with respect to his being afflicted with a chronic cough and that Mr. Guberman's misrepresentation in this regard induced the defendant to issue a life insurance policy which it would not otherwise have issued. The sole question presented by this appeal is whether the defendant is estopped from asserting this misrepresentation as a defense. This question involves the scope of the common-law doctrine of estoppel only, since the plaintiff cites no applicable statutory authority *(cf.,* Insurance Law § 3420 [d]; *Allstate Ins. Co. v Gross,* 27 NY2d 263, 269 [statute applicable to liability policies]; *cf., Grening v Empire Mut. Ins. Co.,* 101 AD2d 550, 553; *Western World Ins. Co. v Jean & Benny's Rest.,* 69 AD2d 260).

■ As previously noted, in New York, as well as most other States, the general rule is that an insurer which denies liability on a specified ground may not thereafter shift the basis for its disclaimer to another ground known to it at the time of its original repudiation *(see, General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864; *Hubbell v Trans World Life Ins. Co.,* 54 AD2d 94; *Appell v Liberty Mut. Ins. Co.,* 22 AD2d 906, *affd* 17 NY2d 519; *Pensky v Aetna Life & Cas. Co.,* 84 Misc 2d 270; 16C Appleman, Insurance Law and Practice § 9260, at 393-394; 18 Couch, Insurance 2d § 71:44; 45 CJS, Insurance, § 707). This rule may not be applied so as to create insurance coverage which never existed; rather, it may be applied only to estop an insurance carrier from avoiding its contractual obligations on account of some breach of contract by the insured *(see, Schiff Assocs. v Flack,* 51 NY2d 692). Thus, for example, an insurer which disclaims liability solely on the basis of its insured's failure to cooperate may be estopped from later disclaiming liability on the basis of the insured's failure to provide a timely notice of claim *(Appell v Liberty Mut. Ins. Co.,* 22 AD2d 906, *supra),* and an insurer which denies liability solely on the basis of the insured's failure to give a written notice of claim may be estopped from later denying liability on the basis of the injured party's failure to give notice *(Pensky v Aetna Life & Cas. Co.,* 84 Misc 2d 270; *cf., Massachusetts Bay Ins. Co. v Flood,* 128 AD2d 683). Contrary to the defendant's argument, this rule applies to life insurance as well as liability insurance companies *(see, e.g., Hubbell v Trans World Life Ins. Co., supra,* at 99).

The vast majority of jurisdictions recognize, however, that this rule of estoppel is limited in its application to those instances where the insured has suffered some degree of prejudice as a result of the insurer's attempt to shift its defense from one basis to another. This rule of estoppel "has its limitations and exceptions, which are as clearly established as the rule itself, one of which is that before the rule can apply it must appear that claimant was misled to his injury" (45 CJS, Insurance, § 707, at 678, citing, *Callen v Massachusetts Protective Assn.,* 24 F2d 694 [8th Cir]; *Globe & Rutgers Fire Ins. Co. v Atlantic & Gulf Shipping Co.,* 51 Ga App 904, 181 SE 310; *Craddock v Fidelity Life Assn.,* 226 Iowa 744, 285 NW 169; *Mohr v Woman's Benefit Assn. of the Maccabees,* 127 Kan 512, 274 P 210; *Goodwin v Federal Mut. Ins. Co.,* 180 So 662 [La App]; *Mitchell v American Mut. Assn.,* 226 Mo App 696, 46 SW2d 231; *Slater v General Cas. Co.,* 344 Pa 410, 25 A2d 697; *Reilly v New York Life Ins. Co.,* 182 Wash 460, 47 P2d 840; *Redeman v Preferred Acc. Ins. Co.,* 215 Wis 321, 254 NW 515).

In our opinion, the above-stated limitation to the application of the estoppel rule is well founded, and there is nothing in New York precedent which compels us to conclude that it does not apply in this State. While it is true that an insurer's specification of one of several available grounds for disclaimer may be taken by the insured as an indication that the other grounds have been overlooked, as a basic matter of fairness we see no reason why this circumstance should operate to bar the later assertion of the other grounds for disclaimer where the insured cannot claim to have suffered any degree of prejudice. The overwhelming majority of American jurisdictions refuse to impose this sort of estoppel in the absence of prejudice, and it is clear that the rule as formulated continues to be valid *(see, Finer Amusements v Citizens Ins. Co.,* 327 F2d 773, 776 [7th Cir, Illinois law]; *Weintraub v St. Paul Fire & Mar. Ins. Co.,* 609 F Supp 273, 275 [ED Pa, Pennsylvania law]; *Wright v Newman,* 598 F Supp 1178, 1201 [WD Mo, Missouri law], *affd* 767 F2d 460; *Whiting Corp. v Home Ins. Co.,* 516 F Supp 643, 646 [SD NY, New York law]; *ACF Produce v Chubb/Pac. Indem. Group,* 451 F Supp 1095, 1100, n 2 [ED Pa, Pennsylvania law]; *Markoff v New York Life Ins. Co.,* 369 F Supp 308, 315 [D Nev], *affd* 530 F2d 841; *Hawkeye-Security Ins. Co. v Essert,* 490 P2d 1255, 1257-1258 [Wyo]; *American Ins. Co. v Nationwide Ins. Co.,* 110 NH 192, 270 A2d 907, 910; *Lewellyn v State Farm Mut. Auto. Ins. Co.,* 222 Tenn 542, 438

SW2d 741, 742-743; *Larson v Occidental Fire & Cas. Co.,* 79 NM 562, 446 P2d 210, 212; *Council v Metropolitan Life Ins. Co.,* 42 NC App 194, 256 SE2d 303, 305; *Pfeiffer v Grocers Mut. Ins. Co.,* 251 Pa Super 1, 379 A2d 118, 120-121; *Morris v Reed,* 510 SW2d 234, 240 [Mo App]; *Lancon v Employers Natl. Life Ins. Co.,* 424 SW2d 321, 323 [Tex App]; *see also,* 16C Appleman, Insurance Law and Practice § 9261).

To the extent that the prejudice requirement is discussed at all by the New York authorities, they are in accord with the aforestated majority rule. In the seminal case of *Brink v Hanover Fire Ins. Co.* (80 NY 108, 113), the Court of Appeals noted that the insured "ha[d] acted upon [the insurer's] position as announced" so that some degree of prejudice would result if the insurer were permitted to shift its position. In noting that the doctrine of waiver applies only where an insurer has intentionally relinquished a particular defense, the court in *Kiernan v Dutchess County Mut. Ins. Co.* (150 NY 190, 195) stated that there may be an "implied waiver" where "the conduct of the insurer has misled the insured into acting on a reasonable belief that the company has waived some provision of the policy". In *Shichman v Commercial Travelers Mut. Acc. Assn.* (267 App Div 389, 390), this court expressly held that a disability insurer would be allowed to shift the basis for its disclaimer where "the insured was not misled to his prejudice". This approach is consistent with the general rule that an equitable estoppel will be imposed so as to prevent a litigant from asserting a valid claim or defense only where it is necessary to prevent prejudice *(see, Schiff Assocs. v Flack,* 51 NY2d 692, 699, *supra; O'Dowd v American Sur. Co.,* 3 NY2d 347; *Mattimore v Patroon Fuels,* 103 AD2d 981, 982; *Bellefonte Re-Insurance Co. v Volkswagenwerk, AG,* 102 AD2d 753, 756 [Silverman, J. concurring]; *see also,* 57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 15, at 21-22).

The rule that an estoppel of this sort will not be imposed in the absence of prejudice has particular force where, as in the present case, the insurer expressly informed the insured that its specification of one ground for disclaimer should not be construed as a waiver of other potential defenses *(see generally, Hoholick v Metropolitan Life Ins. Co.,* 289 Mich 242, 286 NW 228; *Great Am. Acc. Ins. Co. v Roggen,* 144 SW2d 1115 [Tex App]; *Lewellyn v State Farm Mut. Auto. Ins. Co.,* 222 Tenn 542, 438 SW2d 741, 742-743, *supra; see also, Proc v Home Ins. Co.,* 23 AD2d 638, 639, *affd* 17 NY2d 239). Where the insurer expressly states that its assertion of one defense

should not be construed as a waiver of other defenses, it is difficult to imagine how, if at all, the plaintiff could have been "misled * * * into acting on a reasonable belief that the company ha[d] waived some provision of the policy" *(Kiernan v Dutchess County Mut. Ins. Co., supra,* at 195).

In conclusion, the Supreme Court did not err in refusing to dismiss the stated portions of the defendant's first affirmative defense. The plaintiff is not entitled to the relief requested as a matter of law. Whether the plaintiff has suffered a degree of prejudice significant enough to warrant the imposition of an estoppel is a question of fact, as is the question of whether the defendant's affirmative defense will ultimately prove to be meritorious.

The order under review is accordingly affirmed.

THOMPSON, J. P., BROWN and SULLIVAN, JJ., concur.

Ordered that the order of the Supreme Court, Nassau County, dated February 17, 1988, is affirmed.