(December 16, 2002)

■ AnnaMarie Abreu et al., Plaintiffs, v Lucita C. Huang et al., Defendants and Third-Party Plaintiffs-Respondents. State Farm Fire and Casualty Company, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [751 NYS2d 583] —In an action to recover damages for personal injuries, etc., the third-party defendant State Farm Fire and Casualty Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated September 5, 2001, as denied its cross motion for summary judgment dismissing the third-party complaint seeking a judgment declaring that it is obligated to defend and indemnify the defendants third-party plaintiffs in the main action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the matter is remitted to the Supreme Court, Queens County, for entry of a judgment declaring that State Farm Fire and Casualty Company is not obligated to defend and indemnify the defendants third-party plaintiffs in the main action, and the third-party action against State Farm Fire and Casualty Company is severed.

An insurer's justification for denying coverage is strictly limited to those grounds stated in the notice of disclaimer (*see General Acc. Ins. Group v Cirucci,* 46 NY2d 862). The notice of disclaimer must advise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated (*see Vanegas v Nationwide Mut. Fire Ins. Co.,* 282 AD2d 671). As such, an insurer which has denied liability on a specific ground may not thereafter shift the basis for its disclaimer to another ground known to it at the time of its original repudiation (*see Hubbell v Trans World Life Ins. Co. of N.Y.,* 54 AD2d 94).

Contrary to the Supreme Court's determination, the third-

party defendant State Farm Fire and Casualty Company (hereinafter State Farm) is not limited to disclaiming coverage based upon the facts contained in its first notice of disclaimer. State Farm's second disclaimer letter set forth additional facts to support its initial disclaimer on the ground of untimely notice, and did not advance a new ground upon which coverage is denied (*see Guberman v William Penn Life Ins. Co. of N.Y.*, 146 AD2d 8). The defendants third-party plaintiffs were aware of potential liability in the main action at least eight months before notifying State Farm of the claimed loss. Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.