OPINION OF THE COURT
Charles J. Markey, J.
In a recent article, two practitioner commentators opined: “In an attempt to reduce the strain on the court system, No-Fault has actually increased it” (Michael D. Jaffe & Joseph Chiu, Esqs., Using Independent Medical Examiners in No-Fault, NYLJ, May 10, 2001, at 1, col 1). The lower courts of New York are now teeming with cases of first impression destined to burgeon the dockets of appellate courts trying to fill *353 in gaps in the law not covered by either the Legislature or State of New York Insurance Department regulations. Rather than create an exclusive, special arbitration forum in which such complex, particularized issues and claims can be heard, the Legislature’s current no-fault system threatens to engulf the state judiciary into a swamp of unresolved and tangled questions.
The current motion for reargument, headed for an appellate court, raises a unique issue of first impression under New York law. Although not precisely identified as such, the issue in the present case is whether, consistent with the Court of Appeals holding in General Ace. Ins. Group v Cirucci (46 NY2d 862 [1979] [per curiam]), an expert witness may testify at the trial of an action where his conclusion was made as a peer review following the timely denial of a no-fault claim.
Plaintiff Universal Acupuncture Pain Services, P.C. (Universal) moves for reargument of a decision of this court dated December 6, 2002, granting partial summary judgment to the plaintiff on one out of five no-fault claims, in an amount of $220 together with statutory interest and attorneys’ fees. The court ordered that the remaining four claims be adjudicated at trial upon completion of discovery.
At the oral argument of the motion for reargument, both sides stated that the issues posed by the motion raise an issue of first impression and further stated that the side that lost would surely seek appellate review. This court’s own research confirms that the legal issue posed herein is indeed novel.
It is undisputed, in the present case, that four out of five denial of claim forms issued by defendant Lumbermens Mutual Casualty Company (LMCC) were made within 30 days of receipt of plaintiffs bill. With respect to the one denial issued beyond the 30-day period, the court granted (partial) summary judgment.
Plaintiff Universal, however, believes that it was entitled to summary judgment on all five claims. Specifically, plaintiff seeks to preclude LMCC’s expert, Mike Berkley, L.Ac., nationally board certified in acupuncture and a doctor in acupuncture from offering testimony because Dr. Berkley’s peer review was performed more than 30 days after LMCC received the bills.
Each of the five claims was denied on the basis that “Concurrent care involves overlapping/excessive and/or common services, therefore this treatment is denied.” Specifically, while the assignor received acupuncture treatments, he also contemporaneously received either chiropractic or physical therapy *354 treatments. In this regard, LMCC states that medical necessity is not the basis for the denial (affirmation of Rhonda H. Barry, Esq., dated Jan. 2, 2003, 12, at 3). The determination to deny treatment was made in accordance with the Workers’ Compensation No-Fault Manual of 1996 and a comparison of the bills submitted for payment indicating treatment of the same body parts for the same claimed condition at the same time. Once payment is made for one form of treatment, it is denied for any other form as treatment exceeded the maximum relative units allowable for any given day.
Having denied timely four out of the five claims, LMCC then requested that Dr. Berkley perform his peer review. Dr. Berkley presented a six-page, detailed report dated January 17, 2002. Significantly, Dr. Berkley, in pertinent part, stated:
“Treating a patient with chiropractic, acupuncture and physical therapy may be of great benefit to the patient. Different medical modalities seek the same result of increased range of motion and alleviation of pain, but attempt to reach this goal through entirely different protocols. The doctors involved are all licensed professionals with professional degrees enabling them to practice their unique type of medicine. Thus, I do not find that multiple modalities given to a patient on the same day is excessive or overlapping.”
Dr. Berkley thus recognizes that chiropractic, acupuncture, and physical therapy are distinct modalities. For example, an acupuncturist may be able to alleviate the patient’s pain, so that he or she may go forward with the work required in physical therapy to rehabilitate the affected muscle, joints, or bones.
Dr. Berkley’s report, however, continues to reject the services made by plaintiff as outright “gouging” characterized by “[t]he extreme frequency and excessiveness of treatment and the exorbitant fee charged.” He further assails the lack of medical necessity, the “inadequate examination” of the patient, and “[t]he unethical nature” of the medical interpretation offered.
Plaintiff Universal does not cite Cirucci (46 NY2d 862 [1979], supra) either in its initial papers or in its motion for reargument. Plaintiff’s argument, however, is, in fact, a “Ciriicci-type” argument. In Cirucci, the Court of Appeals held:
“Although an insurer may disclaim coverage for a valid reason (Insurance Law, § 167, subd 8) the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the *355 ground or grounds on which the disclaimer is predicated. Absent such specific notice, a claimant might have difficulty assessing whether the insurer will be able to disclaim successfully. This uncertainty could prejudice the claimant’s ability to ultimately obtain recovery. In addition, the insurer’s responsibility to furnish notice of the specific ground on which the disclaimer is based is not unduly burdensome, the insurer being highly experienced and sophisticated in such matters.” (46 NY2d at 864 [emphasis added]; accord, Mount Vernon Fire Ins. Co. v Harris, 193 F Supp 2d 674 [ED NY 2002]; State Farm Mut. Auto. Ins. Co. v Cooper, — AD2d —, 2003 WL 734182 [2d Dept, Mar. 3, 2003]; Abreu v Chiung Huang, 300 AD2d 420 [2d Dept 2002]; Paul M. Maintenance, Inc. v Transcontinental Ins. Co., 300 AD2d 209 [1st Dept 2002]).
The plaintiff, in the current case, protests that any consideration of Dr. Berkley’s report undermines the requirement that an insurer generally has 30 days to approve or deny a claim. Plaintiffs position is unfounded. First, in support of its position, plaintiff cites Atlantis Med. v Liberty Mut. Ins. Co. (2002 NY Slip Op 40043 [U] [Nassau Dist Ct 2002]). Atlantis Med. is inapposite. In that case, plaintiff, as an assignee, sought recovery of no-fault benefits. The defendant insurer’s denial of claim form had been issued more than 30 days after plaintiff submitted the required no-fault verification forms. The insurer’s “delay” letters explained that the assignor’s accident and injuries were being investigated and sought a delay for completion of peer review. The insurer did not request additional verification. The court in Atlantis Med. simply held that an insurer’s submission of a claim for “peer review” does not constitute a proper request for verification and cannot extend the 30 days to act on a claim provided by Insurance Law § 5106.
In the present case, in contrast to Atlantis Med., the insurer timely denied four out of the five claims. Then, consistent with the CPLR method of practice, defendant LMCC sought corroboration of an expert to support its position at the anticipated trial of this action. It would be unreasonable to bar consideration — in wholesale fashion — of any consideration of Dr. Berkley’s testimony or report on the ground advanced by plaintiff that it would frustrate the 30-day rule for denial of claims. It would also be unreasonable to accept plaintiffs position that would require that denial of coverage based on the ground of *356 concurrent care be made in the first instance by a peer review doctor exclusively, and not by a claims representative or examiner.
Peer review doctors perform a vital service, especially when so few doctors can be expected to risk professional ostracism by challenging a fellow doctor. Their service, in the field of the evaluation of no-fault claims, is no less valuable than the functions of orthopedists and neurologists performing an independent medical examination prior to a defense threshold, summary judgment motion concerning “serious injury” under Insurance Law § 5102 (d).
This court, however, consistent with the quoted excerpt from Cirucci above, does not believe that Dr. Berkley’s report and testimony should be admitted without any caveats or pruning. It would violate Cirucci if Dr. Berkley’s report were permitted to advance another ground for denial of the claim not timely asserted by the claims examiner. Thus, in the present case, Dr. Berkley’s report may be considered only insofar as it comments on “concurrent or excessive care,” the precise ground used by LMCC to deny the claim. Any reference to any other ground not used by the insurer to deny the claim — such as medical necessity — must be redacted from the report at the trial of the action. Furthermore, counsel must be warned, in advance, that the trial testimony of Dr. Berkley cannot comment on any matters other than the grounds utilized by the defendant insurer in denying the claim.
Turning to the fact of the present case, although Dr. Berkley’s discussion of concurrent care is favorable to the plaintiff, that does not end the matter. LMCC’s claims specialist, Ms. Stephanie Scarfino, is entitled to explain at trial her basis for denying the claim.
The court recognizes that acupuncture, physical therapy, and chiropractic are distinct modalities of treatment — in theory. That recognition does not get plaintiff summary judgment. As the letter produced by plaintiff Universal from Ms. Bettina Freer, Insurance Examiner, Property Bureau, of the State of New York Insurance Department, dated May 11, 1998, states: “[A]s long as the two providers are performing two different and distinct treatments, it should not be classified as concurrent care. If the insurer and the medical provider disagree on what should be classified as concurrent care, and a denial is then issued, this dispute may be brought before an arbitrator or court of competent jurisdiction for final *357 resolution.” Although acupuncture, physical therapy, and chiropractic are different modalities, they could conceivably be used to treat the same condition. It is thus inappropriate, at this summary judgment juncture, to make that determination. Resolution of that pivotal issue requires a trial.
In conclusion, the court grants the plaintiffs motion for reargument, and, upon reargument, adheres to its original determination, granting partial summary judgment on one out of the plaintiffs five claims.