*563 Order, Supreme Court, New York County (Donna M. Mills, J.), entered on or about May 14, 2013, which, inter alia, denied plaintiffs motions for leave to amend the complaint, to compel discovery and for summary judgment, and granted defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
“Insurance Law § 3105 permits an insurer to rescind a policy where the application contains a material misrepresentation” (East 115th St. Realty Corp. v Focus & Struga Bldg. Devs. LLC, 85 AD3d 511, 511 [1st Dept 2011]). Although the EKG taken of the decedent in connection with the initial application revealed “abnormalities,” the decedent, who had a significant history of coronary artery disease, and had two prior heart attacks, stated, among other things, that he had never been treated for coronary disease, heart disorder, or high blood pressure. Thus, the underwriter’s affidavit, along with the relevant underwriting guidelines establishing that the policy would not have been issued in this form had the true state of the decedent’s condition been known, was sufficient to establish defendants’ entitlement to judgment as a matter of law (see Dwyer v First Unum Life Ins. Co., 41 AD3d 115 [1st Dept 2007]).
Plaintiffs contention that the affirmations of the decedent’s treating cardiologist, as well as the affirmation of another cardiology expert, put defendants on notice that the decedent had prior heart attacks, is unavailing, as plaintiff may not “shift the burden of truthfulness” to the insurer (Friedman v Prudential Life Ins. Co. of Am., 589 F Supp 1017, 1025 [SD NY 1984] [internal quotation marks omitted]). There is no evidence to support the assertion that defendants had actual notice of anything other than “abnormalities” in the decedent’s EKG. Defendants did not ignore the EKG or the test results, and made a decision based upon the physician’s interpretation of the EKG, as well as the completed application, the paramedical examination and the personal history interview.
Based on the absence of actual knowledge, plaintiffs estoppel/ waiver argument fails (compare United States Life Ins. Co. in the City of N.Y. v Blumenfeld, 92 AD3d 487, 489-490 [1st Dept 2012]). Equally unavailing is plaintiffs assertion that defendants should be precluded from referring to the more specific facts referenced in the February 24, 2004 letter, which referenced additional treatment for myocardial infarction, uncontrolled hypertension, and noncompliance with medication, as the second letter provided additional facts supporting the same *564 basis for claim denial, namely the decedent’s medical history (see Abreu v Huang, 300 AD2d 420 [2d Dept 2002]).
Furthermore, inasmuch as the underwriting guidelines were properly followed, there were no issues of facts warranting additional discovery, and the motion for leave to amend to add bad faith causes of action was properly denied.
Concur — Gonzalez, EJ., Friedman, Moskowitz, Freedman and Kapnick, JJ.